# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

WRI PROPERTY MANAGEMENT, LLC, as agent of CASTLE ATLANTA HOLDINGS, LP,

          Plaintiff,

v.

NATHANIEL AARON, and all other occupants,

          Defendants.

1:14-cv-1955-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Report and Recommendation ("R&R") [3] which recommends remanding this dispossessory action to the Magistrate Court of Clayton County, Georgia. Also before the Court is Antwyone Aaron's ("Movant")[1] "Motion to Vacate and Set Aside Illegal Eviction . . . [and] Motion for Removal," which the Court construes as an Amended Notice of Removal [5].[2]

---

[1] Antwyone Aaron appears to be an occupant of the property at issue in this action. He asserts that he and his siblings inherited the property from their father, Nathaniel Aaron, who is deceased.

[2] Movant filed his Amended Notice of Removal in response to the R&R. The R&R, which considers Movant's original Notice of Removal, is therefore deemed moot.

I.  BACKGROUND

On April 16, 2014, WRI Property Management, LLC, as agent for Castle Atlanta Holdings, LP ("Plaintiff"), filed in the Magistrate Court of Clayton County, Georgia, a dispossessory proceeding ("Complaint") [2 at 5] against Nathaniel Aaron and all other occupants ("Defendants").[3]  The Complaint seeks possession of real property currently held by Defendants following a foreclosure sale of the property.

On June 23, 2014, Movant removed the Clayton County Action to this Court by filing his "Motion to Vacate and Set Aside Illegal Eviction and Dispossessory/Writ and Declaratory Relief Preliminary Statement," which the Court construed as his Notice of Removal, and an application to proceed *in forma pauperis* ("IFP") [1].  Movant requests that the Court enjoin the Clayton County Action and appears to assert counterclaims for "illegal eviction" and "illegal dispossessory and writ of possession."

On July 8, 2014, Magistrate Judge Johnson granted Movant's application to proceed IFP.  Magistrate Judge Johnson also considered *sua sponte* the question of subject matter jurisdiction and recommended that the Court remand this case to the Magistrate Court of Clayton County.

---

[3]  No. 2014CM07493.

On July 22, 2014, in lieu of objecting to the R&R, Movant filed his Amended Notice of Removal [5]. Movant appears to assert that the Court has subject matter jurisdiction based on the existence of a question of federal law. He claims in his Notice of Removal that "Respondent" violated "15 USC 1692 [sic]" and Rule 60 of the Federal Rules of Civil Procedure, "having a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6," and the Due Process Clause of the Fourteenth Amendment. (Am. Notice of Removal at 3).

In light of his *pro se* status, the Court construes Movant's filings liberally, and as a whole, to determine whether the Court has subject matter jurisdiction over this action.

## II. DISCUSSION

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory action which is based solely on state law. No federal question is presented on the face of Plaintiff's Complaint. That Movant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Removal is not proper based on federal question jurisdiction.

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2). It appears that the parties are both Georgia citizens, and even if diversity did exist, Movant fails to show that the amount-in-controversy exceeds $75,000.00. The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied. See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002). The Complaint here seeks possession of property Defendants currently possess. The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship. See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). The Court thus lacks subject-matter jurisdiction and this action is required to be remanded to state court.

See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[4,5]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Magistrate Court of Clayton County, Georgia.

**IT IS FURTHER ORDERED** that Magistrate Judge Walter E. Johnson's Report and Recommendation [3] is deemed **MOOT**.

**SO ORDERED** this 3rd day of October, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that Movant, on his Civil Cover Sheet but not in his Notice of Removal, indicates that federal jurisdiction in this action is based on Plaintiff's status as a U.S. Government entity [1.2]. Movant has not alleged in his Notice of Removal that Plaintiff is an officer or agency of the federal government and it appears instead that Plaintiff is a private company.

[5] Even if the Court had subject-matter jurisdiction, the Court is unable to grant Movant the relief he seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.